# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**HENRY L. SEALS, #80602**                                                                      **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO.  4:04cv231TSL-AGN**

**DON CABANNA, EMMITT SPARKMAN,**
**and JIM HOOD**                                                                                 **RESPONDENTS**

<u>OPINION AND ORDER</u>

On December 3, 2004, the petitioner filed a request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 19, 2005, an order was entered directing the petitioner to amend his petition, within twenty days.  On May 10, 2005, the petitioner filed a motion for an extension of time to file a response to this court's order of April 19, 2005.  The court granted the petitioner an additional thirty days to comply in an order entered May 11, 2005.  The petitioner was warned in the May 11, 2005 order that his failure to timely comply with the order could result in the dismissal of this case.  Although more than sixty days passed from the entry of that order, the petitioner failed to comply or to communicate with the court in any way.

On July 7, 2005, the court entered an order directing the petitioner to show cause why this case should not be dismissed for the petitioner's failure to comply with an order of this court, within fifteen days.  On July 28, 2005, the petitioner filed a response to this court's order requesting additional time to amend his petition as directed in the court's order of April 19, 2005. On July 29, 2005, the court granted the petitioner's request and directed him to file his amended petition, within twenty days.  The petitioner was warned in the July 29, 2005 order that his failure to timely comply with any order of this court could lead to the dismissal of this case.

The petitioner has failed to comply with two orders of this court even after two extensions of time were permitted. The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim. This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondents have not been called upon to respond to the petition, and have never appeared in this action, and since the court has never considered the merits of the petition, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the   24th   day of September, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE